

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2002

# Abdulaziz v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4163

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Abdulaziz v. Philadelphia" (2002). *2002 Decisions.* Paper 607.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/607

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-4163


YUSUF ABDULAZIZ, et al.,
                          Appellants
                          v.

CITY OF PHILADELPHIA; ALBERT M.
KLINGMAN, M.D.; UNIVERSITY OF PENNSYLVANIA
_____


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 00-cv-05672 )
District Judge:   Honorable Herbert J. Hutton
_____


Submitted Under Third Circuit L.A.R. 34.1(a)
September 10, 2002
Before:   NYGAARD, ROTH, and WEIS, Circuit Judges.


(Filed: September 24, 2002)
_____


OPINION


WEIS, Circuit Judge.

Because this opinion is not precedential and the parties are well aware of the matters underlying this suit, we will not set forth an extended discussion of the facts. In brief, plaintiffs allege that they were inmates of the Holmesburg Prison in Philadelphia, Pennsylvania, for various periods of time between 1961 and 1974. During that time, they participated in medical experiments pursuant to waivers which, they contend, were fraudulently procured.

Originally filed in state court, this suit was removed by defendant City of Philadelphia to the District Court on November 6, 2000, approximately twenty-six years after the program was terminated. The District Court correctly determined that the various statutes of limitations that might be applicable had expired as to all plaintiffs. The only issue before us is whether the plaintiffs were entitled to invoke the discovery rule, which might toll the statutes of limitations applicable to their claims.

The experimentation programs were widely publicized from the mid-1970s until the early 1980s and a number of inmates filed suits in the years following the publicity. The last action apparently began in 1990, some ten years before plaintiffs filed this lawsuit. It is simply not reasonable to believe that plaintiffs were not aware of the facts underlying this litigation many, many years before bringing suit. Plaintiffs have failed to produce any evidence to justify a tolling of the statutes of limitations.

Accordingly, the order of the District Court granting summary judgment in favor of defendants will be affirmed.

_____

TO THE CLERK:


Please file the foregoing Opinion.

                                              /s/ Joseph F. Weis
United States Circuit Judge